IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   No. 3:84-cr-148-G (BT) |
| | § |
| MARSHALL DEWAYNE | § |
| WILLIAMS, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Marshall Dewayne Williams filed a *pro se* motion under Fed. R. Crim. P. 35(a) to Compel Enforcement of Sentence or to Correct Sentence. (ECF No. 36.) For the following reasons, the Court should deny the Rule 35(a) motion, construe the motion in part as petition for writ of habeas corpus under 28 U.S.C. § 2241, and dismiss the § 2241 claims for lack of jurisdiction.

I.

On October 18, 1984, Williams was convicted in federal district court on three counts relating to his planting a pipe-bomb in a newspaper vending machine. The pipe-bomb exploded, killing Williams's stepfather. After a direct appeal that affirmed Williams's conviction but reversed his original sentence of life imprisonment, the district court sentenced Williams to a term of ninety-nine years' imprisonment.

Williams argues the Fifth Circuit Court of Appeals issued a decision requiring that he serve only thirty years of his ninety-nine-year sentence, and that

1

the Bureau of Prisons (BOP) has not calculated his good time credit properly. He claims he has served more than his required thirty-year sentence and should be released.

II.

## A.  Williams is not entitled to relief under Fed. R. Crim P. 35(a).

Williams filed this motion under Fed. R. Crim. P. 35(a)[1] arguing the Fifth Circuit mandated that he serve no more than thirty years of his ninety-nine-year sentence.

Williams's claim relates to a Rule 35(a) motion he filed in 2003. In that motion he argued the district court could not sentence him to ninety-nine-years in prison because the sentence was equivalent to life imprisonment, which only the jury could impose. The district court denied the motion and Williams appealed. The Fifth Circuit affirmed, finding Williams's ninety-nine-year sentence was not equivalent to a life sentence because Williams was eligible for parole. *United States v. Williams*, 110 F. App'x 400 (5th Cir. 2004) (per curiam). The Court stated:

> [T]he parole provisions provide that prisoners are presumptively paroled "after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years." 18 U.S.C. § 4206(d) (2000). Following this statute and assuming compliance with its conditions, Williams will serve, at most, thirty of the ninety-nine

---

[1] Williams filed this motion under a version of Rule 35(a) that applies to offenses committed prior to November 1987. *See United States v. Williams*, 110 F. App'x 400, 402 (5th Cir. 2004) (per curiam). The pre-1987 rule stated that "a court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." *Id*.

years to which he was sentenced for his violation of § 844(i).

*Id.* at 404. The Court noted, however, that the presumption of parole under 18 U.S.C. § 4206(d) applies "unless the Parole Commission finds that the prisoner: (1) has committed serious or frequent violations of institutional rules, or (2) is likely to commit a Federal, State, or local crime if paroled." *Id.* at 404 n. 4. The Court therefore did not order that Williams be released after serving thirty years of his sentence but found that his eligibility for parole foreclosed his claim that his ninety-nine-year sentence was the functional equivalent of a life sentence. Williams's challenge to his sentence under Rule 35(a) should be denied.

## B. The Court lacks jurisdiction to consider Williams's time-credit claim.

Williams argues the BOP is improperly calculating his time credits under a new time-credit law that does not apply to him. A claim that challenges time credits is properly brought under 28 U.S.C. § 2241. *See United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (per curiam). This Court lacks jurisdiction to consider Williams's § 2241 claims because a petition under § 2241 must be filed in the district in which he is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding that court lacks jurisdiction over § 2241 petition because the petitioner was not incarcerated in that district). Williams is incarcerated in Florida and was incarcerated there at the time he filed his motion. This Court therefore does not have jurisdiction over his time-credit claim, and this claim should be dismissed.

III.

William's Rule 35(a) motion should be denied, and his time-credit claim should be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and dismissed for lack of jurisdiction. Further, the District Clerk's Office should be directed to open a new civil action and file Williams's motion, (ECF No. 36), in that action (nature of suit 530), with direct assignment to District Judge Fish and Magistrate Judge Rutherford for statistical purposes.

Signed March 10, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).