IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § No. 3:84-cr-00148-G-1 |
| | § |
| MARSHALL DEWAYNE WILLIAMS, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Marshall Dewayne Williams's motion (ECF No. 60) seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the Court should deny Williams's motion.

## Background

In 1984, a federal jury convicted Williams on three counts related to his planting a pipe-bomb in a newspaper vending machine. The pipe-bomb exploded and killed his stepfather. Specifically, the jury found Williams guilty of (1) maliciously damaging and destroying by means of an explosive bomb property being used in an activity affecting interstate commerce and resulting in death in violation of 18 U.S.C. § 844(i) (count one); (2) possessing a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5681(d) and 5871 (count two); and (3) making a firearm in violation of 16 U.S.C. §§ 5822(e), 5861(f) and 5871 (count three). *See United States v. Williams*, 110 F. App'x 400, 401 (5th Cir. 2004) (per curiam). The District Court sentenced Williams to life imprisonment on count one, and he received ten years'

1

imprisonment on each of counts two and three, to run concurrent to each other and consecutive to the sentence imposed in count one.

Williams appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed his convictions but vacated his sentence on count one and remanded the case for re-sentencing. *See United States v. Williams*, 775 F.2d 1295, 1303 (5th Cir. 1985). On remand, the District Court sentenced him to ninety-nine years' imprisonment on count one. *See Williams*, 110 F. App'x at 402. Williams's projected release date from the Bureau of Prisons (BOP) is September 19, 2063. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2022).

Williams's pending motion seeks "Non-Medical Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[,]" and he argues: (1) the Fifth Circuit Court of Appeals issued a decision requiring him to serve only thirty years of his ninety-nine year sentence; and (2) the BOP has not properly calculated his good time credit. Mot. 1 (ECF No. 60). He claims that he has served more than the thirty-year sentence he was required to serve, and his case therefore warrants compassionate release. At the direction of the Court, the Government filed a response, arguing that Williams committed his offenses in 1984, so the First Step Act of 2018 (FSA) and its amendments to § 3582 expressly do not apply to him. (ECF Nos. 62, 66.) Therefore, Williams cannot directly petition this Court for compassionate release, and even if the Court considered the merits of his motion, they fail. Specifically, he was convicted of three violent felonies involving the planting of an explosive device that killed his stepfather, and the factors under 18

U.S.C. § 3553(a) strongly support denying his request for compassionate release. Williams filed a reply. (ECF No. 67.) The motion is now fully-briefed and ripe for determination.

## Legal Standards and Analysis

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the FSA:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]

18 U.S.C. § 3582(c)(1)(A). A district court can reduce a sentence under § 3582(c)(1)(A)(i) where: (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) a sentence reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Shkambi, 993 F.3d 388, 389 (5th Cir. 2021)* (quoting § 3582(c)(1)(A)).

3

### 1. Williams cannot bring a motion for compassionate release under § 3582.

Williams filed his motion seeking compassionate release under § 3582(c)(1)(A)(i). Prior to 2018, only the Director of the BOP could move in the district court under § 3582(c)(1)(A) to allow a prisoner to petition a court for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018). Section 3582(c)(1)(A) now authorizes a district court to reduce a defendant's sentence either (1) upon motion by the Director of BOP or (2) upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). But § 3582(c) applies only to offenses committed on or after November 1, 1987. *See United States v. Watson*, 868 F.2d 157, 158 (5th Cir. 1989) ("We hold that 18 U.S.C. § 3582(c), enacted as a part of the federal sentencing guidelines, applies only to offenses committed on or after [the Guidelines'] effective date, November 1, 1987."); *see also United States v. Erwin*, 2021 WL 4805507, at *1 (5th Cir. Oct. 14, 2021) (per curiam). And Williams was convicted in 1984. He committed the offense prior to the November 1, 1987 effective date of § 3582(c). Therefore, Williams's incarceration is governed by 18 U.S.C. § 4205(g). *See United States v.*

*Scarbrough*, 2019 WL 2482710, at *2 (N.D. Ind. June 14, 2019) (finding that because the defendant seeking compassionate release was serving a term of imprisonment imposed prior to the Sentencing Reform Act of 1984, the provisions of § 3582(c) did not apply to him, and the now-repealed § 4205(g) applied).

Section 4205(g), now repealed, provides: "At any time *upon motion of the [BOP]*, the court may reduce any minimum term to the time the defendant has served. The court shall have jurisdiction to act upon the application at any time and no hearing shall be required." 18 U.S.C. § 4205(g) (emphasis added). Thus, "[r]elief under § 4205(g) requires a motion *by the BOP*." *Scarbrough*, 2019 WL 2482710, at *2 (citing 28 C.F.R. §§ 571.60, 571.62 (emphasis added); *see also United States v. Booker*, 543 U.S. 220, 300 (2005) (recognizing that under § 4205(g) a sentencing judge had the discretion to reduce a minimum term of imprisonment upon the recommendation of the BOP)). The Court has not received a motion for a sentence reduction from the BOP for Williams. Therefore, his motion seeking compassionate release must be denied.

### 2. Williams's motion fails on the merits because the § 3553(a) factors do not support release.

Even if Williams could bring a motion for compassionate release under § 3582, the § 3553(a) factors weigh against his request for relief. A district

court must consider the applicable § 3553(a) factors to determine if compassionate release is warranted.[1] *Ward v. United States*, 11 F.4th 354, 360-61 (5th Cir. 2021). The Fifth Circuit has held that "compassionate

---

[1] The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). And when the defendant disagrees with how the district court weighed his § 3553(a) factors, it does not provide him with a sufficient ground for reversal. *Id.* at 694 (citing *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016)); *see also United States v. Samak*, 832 F. App'x 330, 331 (5th Cir. 2020) (per curiam).

Williams was convicted of three offenses related to his planting a pipe-bomb that killed his stepfather. The serious nature of these offenses weighs heavily against release. *See United States v. Martinez*, 832 F. App'x 906, 906 (5th Cir. 2021) (per curiam) (finding that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity" when it denied compassionate release).

Applying the § 3553(a) factors to Williams's case, several of the factors support a finding that a sentence reduction is not warranted. Under § 355(a)(1), which addresses the nature and circumstances of the offense, the circumstances demonstrate that he was convicted of planting a pipe-bomb, and it when it exploded, it caused the death of his stepfather. *See Williams*, 775 F.2d at 1296-97. At trial, the testimony showed that prior to his death,

7

the victim feared both Williams and his other family members. *Id.* at 1297. In fact, the victim believed that Williams and his family were plotting to kill him for money. *Id.* This factor weighs against a sentence reduction in this case.

With respect to § 3553(a)(2)(A), the District Court's sentence reflects the very serious nature of the offenses involved. Williams murdered his stepfather, and his actions quite possibly could have caused serious harm or death to others near the explosion he caused. Therefore, this factor weighs heavily against granting compassionate release in this case.

Under § 3553(a)(2)(B), the Court must ensure the sentence affords adequate deterrence to other criminal conduct. The significant sentence imposed here, a total of ninety-nine years' imprisonment, serves as a deterrent to others who may consider planting a pipe-bomb or otherwise taking actions that cause the death of another. Because a lengthy sentence is both necessary and appropriate under the circumstances presented in this case, Williams's sentence should not be reduced.

The last relevant factor, § 3553(a)(2)(C), addresses the need to protect the public from further crimes by Williams. He murdered his stepfather with a pipe-bomb placed in a public location. This very serious crime demonstrates that he is extremely violent and a danger to others in society.

8

The public should be protected from further acts of violence by Williams. Accordingly, this factor weighs heavily in favor of denying his compassionate release motion.

Consistent with the foregoing, the § 3553(a) factors weigh in favor of denying Williams's motion for compassionate release filed. *See Samak*, 832 F. App'x at 331 (affirming and finding that the defendant failed to demonstrate that the district court abused its discretion when it denied his § 3582(c)(1)(A) motion after weighing the § 3553(a) factors); *see also United States v. Faulkner*, 2021 WL 5746529, at *3 (N.D. Tex. Dec. 2, 2021).

## Recommendation

The Court should DENY Defendant Marshall Dewayne Williams's Motion (ECF No. 60).

SIGNED January 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).